# In the United States Court of Federal Claims

No. 19-859

(Filed: 13 February 2025)[*]

```
*****************************************
E-NUMERATE SOLUTIONS, INC., and    *
E-NUMERATE SOLUTIONS, LLC,         *
                                   *
              Plaintiffs,          *
                                   *
v.                                 *
                                   *
THE UNITED STATES,                 *
                                   *
              Defendant.           *
                                   *
*****************************************
```

## OPINION AND ORDER

Plaintiffs filed this action in 2019 accusing the government of infringing patents related to data processing systems and, more particularly, a computer markup language for use in financial accounting, data browsing, data manipulation, and more. Following claim construction, the Court set a schedule for further proceedings with fact discovery beginning on 1 April 2024 and closing on 1 October 2025. *See* 29 Mar. 2024 Order at 2–3, ECF No. 118. The Court further directed the parties to file a joint status report ("JSR") on or before 1 July 2024 and scheduled a status conference for 8 July 2024 "to discuss any remaining disputes or necessary adjustments to the schedule or discovery limits." *Id.* at 1–3. After the parties filed the 1 July 2024 JSR, ECF No. 119, the Court held the 8 July 2024 status conference to hear arguments regarding the parties' positions on discovery issues. *See* 8 July 2024 Status Conference Tr. ("Tr."), ECF No. 121. As the parties' arguments were not fully briefed prior to the status conference, the Court ordered plaintiffs to file a motion to compel and a motion for leave to file a Third Amended Complaint outlining their arguments with supporting legal authority. *See* Tr. at 11:24–12:3, 22:21–23:9. Plaintiffs subsequently filed a motion to compel and a motion for leave to file a Third Amended Complaint. *See* Pls.' Mot. for Leave to File Third Am. Compl., ECF No. 122; Pls.' Mot. to Compel Documents Relating to the Accused SEC Analytical System, ECF No. 123. After reviewing the parties' briefings, the Court held a substantive status conference on 5 December 2024 to hear arguments regarding, *inter alia*, plaintiffs' Motions. *See* 13 Nov. 2024 Order, ECF No. 140. At the 5 December 2024 status conference, the Court substantively

---

[*] This Order was initially filed under seal on 6 February 2025 pursuant to the Protective Order in this case, ECF No. 41. *See* 6 Feb. 2025 Order, ECF No. 152. The Court provided the parties the opportunity to submit proposed redactions by 5:00 p.m. (ET) on 10 February 2025. As the parties confirmed via email they have no redactions, this Order is now reissued in its original form with a few minor, non-substantive changes.

addressed, *inter alia*: "(1) the status of the parties' progress in discovery . . . ; (2) the legal standards and authorities outlined in the parties' briefs; (3) the parties' arguments outlined in the briefs, the 1 July 2024 JSR, and 8 July 2024 status conference; and (4) the evidence cited in the parties' briefs, including plaintiffs' Third Amended Complaint, . . . declarations of SEC employee Walter Hamscher, Ph.D., plaintiffs' infringement contentions and allegations, [and] the remaining asserted claims." 6 Dec. 2024 Order at 2, ECF No. 141.

After hearing the parties' arguments, the Court granted plaintiffs' Motion for Leave to File Third Amended Complaint, ECF No. 122, and ordered the parties to propose a schedule for serving initial and final infringement contentions for the new allegations. *See id.* ("[T]he government agreed . . . the standard for allowing parties to amend pleadings is lenient and the decision of whether to allow the parties to amend pleadings is at the Court's discretion. . . . Additionally, the Court finds the government failed to articulate any concrete prejudice caused by allowing plaintiffs to file the Third Amended Complaint . . . ."). Moreover, after "extensive discussions on the documents at issue," the Court granted-in-part plaintiffs' Motion to Compel, ECF No. 123, and ordered plaintiffs to "modify and refine their discovery requests—*i.e.*, Interrogatory No. 7 and Request for Productions Nos. 2, 18, and 19—to be more targeted to request for the readily available documents, such as representative versions of the SEC analytical systems at issued." *Id.* at 3. The Court further ordered the parties to "submit a joint statement to the Court . . . outlining their agreements to produce and/or objections to the refined discovery requests" by 11 December 2024. *See id.* Finally, plaintiffs agreed to reduce the number of the asserted claims to 30 by 31 January 2025. *See id.*

Pursuant to the Court's 6 December 2024 Order, the parties met and conferred and filed a JSR on 11 December 2024. *See* 11 Dec. 2024 JSR at 1, ECF No. 145. In the 11 December 2024 JSR, the parties jointly proposed 20 December 2024 as the deadline for the initial infringement contentions for the FDIC's BankFindSuite Peer Group Comparison, but disagreed on the deadline for the final infringement contentions. *See id.* The government further agreed to supplement portions of its responses to Interrogatory No. 7 and produce portions of the documents at issue by 10 January 2025. *See* 11 Dec. 2024 JSR at 3–12. Given the extent of the government's production of documents regarding the internal SEC analytical systems was unclear, and the discovery dispute regarding the internal SEC systems ongoing, the Court did not set a deadline for final infringement contentions as related to the SEC. *See* 13 Dec. 2024 Order at 2, ECF No. 146. In exercising its discretion in managing case schedules, however, the Court set deadlines for the preliminary and final infringement contentions related to the FDIC's BankFindSuite Peer Group Comparison system. *See id.*

On 24 January 2025, the government filed a motion to clarify the Court's 13 December 2024 Order regarding the infringement contentions deadline. *See* Gov't's Mot. to Clarify the Court's Scheduling Order, ECF No. 149. Plaintiff filed a response on 24 January 2025 explaining the "parties would update the Court on their efforts to resolve the disputes as to the produced and unproduced documents." *See* Pls.' Resp. to Gov't's Mot. to Clarify at 2, ECF No. 150. The parties filed a JSR on 31 January 2025 reiterating their disputes regarding the government's production of documents related to the internal SEC analytical systems. *See* 31 Jan. 2025 JSR at 1–9, ECF No. 151. As described in the 31 January 2025 JSR, the parties are unable to resolve their discovery disputes regarding the internal SEC analytical systems despite

the government producing of over 5,000 pages of documents, making source code available for inspection, and identifying individuals knowledgeable regarding the applications outlined in Dr. Hamscher's declaration. *See id.* at 1–4, 8–9. Considering the parties' ongoing dispute regarding the internal SEC analytical systems, the Court will not set deadlines for the infringement contentions related to the SEC at this time and will revisit the deadline regarding final infringement contentions at a later date. The same as the 13 December 2023 Order noted *supra*, given the extent of the government's production of documents regarding the internal SEC analytical systems remains unclear, and discovery disputes regarding the internal SEC systems ongoing, the Court does not set a deadline for final infringement contentions as related to the SEC. *See* 13 Dec. 2023 Order.

Regarding the discovery disputes raised in the 31 January 2025 JSR—the parties are encouraged to meet and confer to resolve the remaining discovery issues; should the parties not resolve the remaining discovery issues, plaintiff shall file a motion to compel. If plaintiff files a motion to compel, that motion should include, *inter alia*: (1) why production of more documents would be proportional to the needs of the case and would not be unreasonably burdensome; (2) why granting the motion would lead to production of helpful information; and (3) whether and how does the government's 10 January 2025 production support plaintiffs' infringement contentions and lend to the need for more discovery. *See id.* at 8–9. In the motion to compel briefing, or in a future JSR, plaintiffs shall further certify they have met their obligation to narrow the number of asserted claims to 30 by 31 January 2025, consistent with the deadline set forth in the Court's 6 December 2024 Order. In responding to a future motion to compel, the government shall, *inter alia*, clarify the results of the pending items noted in the government's discovery responses, 11 Dec. 2024 JSR Ex. C, ECF No. 145-3, regarding plaintiffs' revised 9 December 2024 discovery requests, 11 Dec. 2024 JSR Ex. A, ECF No. 145-1—specifically, the government's investigation of "Other Internal Uses" and its efforts to "supplement its production and/or interrogatory responses if relevant information is discovered." *See* 31 Jan. 2025 JSR at 9.

In the 31 January 2025 JSR, the government further stated it "has met with several different custodians to investigate the accused [FDIC's BankFind Suite Peer Group Comparison] system and has at least one [future] meeting" to meet its production obligations. *See id.* at 10. Citing Judge Albright's case schedule practice, the government requests "the Court set a deadline of 28 February 2025 for the service of core technical documents with respect to this system" and "set a date for [p]laintiffs' final contentions as to this system of 14 April 2025." *Id.* The Court accordingly **ADOPTS** the following schedule. *See McGinley v. Franklin Sports, Inc.*, 262 F.3d 1339, 1357 (Fed. Cir. 2001) ("Trial courts are given broad latitude in managing and scheduling cases."); *Florsheim Shoe Co., Div. of Interco, Inc. v. United States*, 744 F.2d 787, 797 (Fed. Cir. 1984) ("Questions of the scope and conduct of discovery are . . . committed to the discretion of the trial court." (citation omitted)).

| Event | Deadline |
|---|---|
| The government's service of core technical documents with respect to the FDIC's BankFindSuite Peer Group Comparison system | 28 February 2025 |
| Plaintiffs' final infringement contentions as to the FDIC's BankFindSuite Peer Group Comparison system | 14 April 2025 |

| | |
|---|---|
| Parties to file a JSR to: (1) confirm plaintiffs' service of final infringement contentions as to the FDIC's BankFindSuite Peer Group Comparison system; (2) update the Court, if necessary, on the parties' discovery progress; and (3) certify, if have not done in prior briefing, plaintiffs have met their obligation to narrow the number of asserted claims to 30 by 31 January 2025, consistent with the deadline set forth in the Court's 6 December 2024 Order | 18 April 2025 |

While the Court adopts the above schedule, the Court notes the remaining (post-April 2025) deadlines remain unchanged. *See* 29 Mar. 2024 Order at 2–3. As discussed *supra*, the government's Motion to Clarify the Court's Scheduling Order, ECF No. 149, is **DENIED**.

**IT IS SO ORDERED.**

s/ Ryan T. Holte
RYAN T. HOLTE
Judge